IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) IN CHAPTER 7 |
| **JOANN HEFFERLE,** | ) |
| | ) No. 09 B 08732 |
| Debtor | ) |

## NOTICE OF OBJECTION

**To:**   SEE ATTACHED SERVICE LIST

Take notice that on 22nd day of November, 2013, at 1:30 pm or as soon thereafter as counsel may be heard, I shall appear before the honorable A. Benjamin Goldgar, Bankruptcy Judge, in the courtroom usually assigned to him, North Branch Court, 1792 Nicole Lane, Round Lake Beach, IL 60073 and then and there present the attached Objection to Trustee's Final Report, at which time you may appear.

By: /s/ John August Staas
John August Staas
4753 N Broadway #1014
Chicago, IL 60640
312-233-2732

STATE OF ILLINOIS     )
COUNTY OF COOK     )

John August Staas, being duly sworn on oath, deposes and states that he served a copy of the foregoing Notice together with a copy of the Motion attached thereto to the persons shown above, either through CM/ECF or by United States Mail this 14$^{h}$ day of November, 2013.

By: /s/ John August Staas

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF:                          )
                                           )   IN CHAPTER 7
**JOANN HEFFERLE,**                        )
                                           )   No. 09 B 08732
Debtor                                     )

### DEBTOR'S OBJECTION TO TRUSTEE'S FINAL REPORT AND PROPOSED DISTRIBUTION

Debtor Joann Hefferle, through her attorney John August Staas, objects to the Trustee's final report and proposed distribution because the proposed distribution makes no provision for distribution to Debtor of the $15,000 exemption claimed in her Amended Schedule C.  Debtor further prays this Court order modification of the proposed distribution to allocate $15,000 to Debtor, and adjust the distribution of the remaining funds to creditors accordingly.

1.   On March 16, 2009, Ms Hefferle filed her Chapter 7 voluntary petition.  In the petition's Statement of Financial Affairs, she identified as an asset a pending personal injury lawsuit, Illinois docket number 2008-L-1040.  She inadvertently neglected to claim the $15,000 statutory exemption in Schedule C.  A copy of the relevant pages is attached hereto as Exhibit A.

2.   At the creditors' committee meeting, Ms Hefferle and her counsel specifically discussed the lawsuit with the trustee and stated their intention to file an amended petition claiming the exemption.  The trustee acknowledged and agreed with the exemption claim.

3.   In January 2010, January 2011, and January 2012, the trustee filed his asset report in this case, stating that the case remained open pending resolution and liquidation of the personal injury claim.  A copy of these asset reports is attached hereto as Exhibit B.

4.   In January 2011, Mr. Cohen's firm was appointed by this Court to pursue the personal injury claim.  On January 11, 2012, Mr. Cohen reported to this Court that he had determined that the personal injury case was without value, and asked the bankruptcy case be closed.  Accordingly, the case was closed on January 12, 2012.  A copy of the docket entries is attached as Exhibit C.

5.    On January 11, 2013, this case was reopened on Mr. Cohen's motion, based on Mr. Cohen's conclusion that the personal injury case had value.

6.    This Court has approved settlement of the case, and the personal injury attorney has been paid. The remaining funds have not yet been distributed.

7.    Rule 1009 permits Debtor to file an amendment to the bankruptcy petition at any time prior to the closing of the case.

8.    Ms Hefferle has filed her amended Schedule C to claim the statutory exemption, and asks to receive in the distribution her exempt portion of the personal injury settlement.

9.    Debtor's failure to claim the exemption was not fraudulent.  Debtor has at no time concealed the existence of the asset, but identified it at the outset.

10. Creditors will suffer no prejudice from allowance of the exemption, other than the fact they will receive less money, which is not sufficient to disallow amendment.  In re Meyers, 431 B.R. 823 (E.D.Wis. 2010), 389 B.R. 588 (Bankr.N.D.Ill. 2008).

WHEREFORE, debtor Joann Hefferle objects to the Trustee's final report, and prays this Court order modification of the proposed distribution to allocate $15,000 to Debtor, and adjust the distribution of the remaining funds to the creditors accordingly.

John August Staas
4753 N Broadway #1014
Chicago, IL 60640
312-233-2732

/s/ John August Staas
Joann Hefferle, debtor, by
John August Staas, her attorney

Service List:

Joseph E Cohen, Tr. Cohen &Krol 105 West Madison Suite 1100 Chicago, IL 60602, via CM/ECF
Office of U.S. Trustee, Via CM/ECF

Via US Mail:

Joann Hefferle, 140 Forest, Lake Zueich, IL 60047
American Honda Finance Corporation PO Box 5308 Elgin, IL 60121−5308
Bank of America PO Box 15026 Wilmington, DE 19850−5026
Bank of America PO Box 15184 Wilmington, DE 19850−5184
Blue American Express Box 0001 Los Angeles, CA 90096−0001
Blue American Express for Business Box 0001 Los Angeles, CA 90096−0001
Capital One PO Box 6492 Carol Stream, IL 60197−6492
Chase Mastercard PO Box 15298 Wilmington, DE 19850−5298
Chase Visa PO Box 15153 Wilmington, DE 19850−5298
Chase Visa PO Box 15298 Wilmington, DE 19850−5298
Citi AAdvantage Box 6000 The Lakes, NV 89163−6000
Citi Business/AAdvantage Card PO Box 44180 Jacksonville, FL 32231−4180
Citi Diamond Preferred Rewards Card Box 6000 The Lakes, NV 89163−6000
Discover PO Box 30943 Salt Lake City, UT 84130
First National Bank of Omaha 1620 Dodge Street Omaha, NE 68197
Healers America 140 Forest Avenue Lake Zurich, IL 60047−1331
JP Morgan Chase Bank PO Box 260180 Baton Rouge, LA 70826−0180
JP Morgan Chase Bank, NA 1603 Orrington Avenue Evanston, IL 60201
Wells Fargo Business Card Visa PO Box 348750 Sacramento, CA 95834